IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CAMERON RAY WINWARD,<br><br>Defendant. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No. 2:05-cr-535 CW<br><br>Judge Clark Waddoups |

## INTRODUCTION

This matter is before the court on Defendant Cameron Ray Winward's Motion to Award Credit [for] Time Served. On July 21, 2006, Judge Paul G. Cassell sentenced Winward to imprisonment for 121 months due to his plea of guilty for the manufacture or attempted manufacture of methamphetamine.[1] Judge Cassell recommended to the Bureau of Prisons that Winward receive "credit for time served."[2] Winward contends the Bureau of Prisons has failed to credit the time he served in state custody from June 5, 2005 to December 14, 2005.[3]

## FACTUAL AND PROCEDURAL BACKGROUND

Winward was arrested on June 5, 2005 for drug charges. He also was charged with other

---

[1] Judgment in a Criminal Case, 1–2 (Dkt. No. 168).

[2] *Id.* at 2.

[3] Motion to Award Credit [for] Time Served, 1 (Dkt. No. 184).

offenses, including outstanding warrants, when he was booked into state custody.[4]  On November 30, 2005, Winward was federally indicted on the drug charges and he made his initial appearance on December 21, 2005.  According to the Minute Entry on that date, Winward requested to be returned to state custody.[5]  He signed a Waiver of Rights under Interstate Agreement on Detainers to that effect.  The waiver states that Winward "does hereby freely and voluntarily waive, renounce and abjure any right or claim which he may or might otherwise have to remain in the custody of the United States Marshal for this District."[6]

On January 11, 2006, Winward filed a Motion for Review of Detention Hearing on the basis that he had "terminated his sentence in the Salt Lake City County Jail."[7]  A hearing on the motion was timely held on January 20, 2006, during which Winward was remanded to the custody of the United States Marshal for this District.[8]  Winward then pled guilty to one of the federal counts on March 29, 2006.[9]  Although Winward was not in federal custody until January 20, 2006, the Bureau of Prisons apparently credited Winward with time served from December 15, 2005 until his sentence on July 17, 2006 since Winward does not claim that credit was denied for that period.

---

[4]  Response to Mot. to Award Credit for Time Served, 1 (Dkt. No. 187).

[5]  Minute Entry (Dec. 21, 2005) (Dkt. No. 64).

[6]  Waiver of Rights Under Interstate Agreement on Detainers, 1 (Dkt. No. 68).

[7]  Motion for Review of Detention Hearing, 1 (Dkt. No. 73).

[8]  Minute Entry (Jan. 20, 2006) (Dkt. No. 87).

[9]  Minute Entry (Mar. 29, 2006) (Dkt. No. 116).

## <u>ANALYSIS</u>

When a person is held in state custody, that person generally "is not entitled to credit against his federal sentence for time spent in state prison."[10]  Federal statute does provide that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."[11]  Here, Judge Cassell did not specify the beginning date of when credit should be awarded.  Nor was there an express order by Judge Cassell that Winward's terms of imprisonment should be served concurrently rather than consecutively.  This means that Winward's terms are presumed to run consecutively rather than concurrently.

This presumption is further supported by the fact that Winward was informed of his right to transfer into federal custody and expressly waived that right.  Only when Winward concluded his sentence in state custody did he move to have his detention modified.  Moreover, Judge Cassell only made a recommendation to the Bureau of Prisons.  It was not a mandate.  Thus, the Bureau had discretion whether to award any credit for time served.  The court nevertheless notes that Winward was credited for time served before his sentencing.  While the credit may not be for as long a Winward would desire, the court finds no error in the Bureau's determination.

For these reasons, the court DENIES Winward's Motion to Award Credit [for] Time Served.[12]

---

[10]  *Binford v. United States*, 436 F.3d 1252, 1256 (10th Cir. 2006).

[11]  18 U.S.C. § 3584(a) (2010).

[12]  Dkt. No. 184.

SO ORDERED this 23$^{\text{d}}$ day of August, 2011.

BY THE COURT:

Clark Waddoups
United States District Judge